[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a marital dissolution action brought by the plaintiff CT Page 1798 Carol A. Desmarais by complaint dated January 11, 1995 seeking to dissolve the marriage as well as ancillary relief. The defendant Roger L. Desmarais has appeared pro se. The matter was first heard by the court, Martin, J., on August 7, 1997. The defendant did not appear on that day and later claimed to have had no notice of the trial date. He moved to open the judgment on August 28, 1997 and the court, Potter, J., granted this motion on September 8, 1997. The matter was then heard on February 2, 1998.
Based on the evidence the court makes the following findings:
The plaintiff, whose maiden name was Beaudreault, and the defendant intermarried at Thompson, Connecticut, on September 2, 1977;
The plaintiff has resided in this state for at least a year prior to the filing of this complaint;
The plaintiff and defendant have two minor children born of the marriage: Heather Ann Desmarais, born April 23, 1980; and Danielle Ann Desmarais, born July 2, 1982;
The plaintiff has not given birth to any other children since the marriage;
Neither party presently receives assistance from the State of Connecticut or from any town or municipality.
The plaintiff has two jobs; a full-time position as a teacher's aide in the Putnam school system and a part-time (25 hours a week) position at the Putnam Stop Shop as a cashier Neither she nor her children are covered by any health insurance. The defendant is presently unemployed. He has not worked regularly since 1994.
In 1994 the defendant, after losing his job at Kaman Aircraft and after the death of his father, began to drink heavily. He became progressively verbally and finally physically abusive to his wife at the residence, causing the plaintiff to have him arrested. A protective order entered prohibiting the defendant from entering the residence. The parties have been separated since then. The defendant has been involved with the criminal justice system several times since 1994 on minor criminal charges and motor vehicle violations. CT Page 1799
Since the separation the defendant has paid little or no child support. He has repeatedly harassed and threatened his wife directly in person and by telephone, and by inviting creditors to foreclose upon the jointly owned residence. One of his credit union loans is now a judgment lien on the property. By his admission his children do not wish to see him. One is especially afraid of him because of his drinking. His wife has worked two jobs in the past two years to pay the bills and keep the family together. The defendant blames his difficulties solely on his wife. He accepts no responsibility for the financial hardships the family is experiencing, their lack of health insurance or the children's educational needs. In that regard, he withdrew the sum of $3000 from two accounts belonging to his daughters.
The plaintiff is not seeking alimony. She is seeking an assignment of the defendant's one-half interest in the residence located at 83 Chapman Street, Putnam, where she resides with her teenage daughters. She is seeking $38.00 weekly as child support based upon a prior court approved order. She testified there is an arrearage of $1,140 on that order. The defendant seeks a sale of the residence and an equal distribution of the net proceeds. He did not question the plaintiff's testimony that she has paid about $10,000 in first and second mortgage payments since the couple separated. The court finds the value of the residence to be $88,000 per the appraisal admitted as Plaintiff's Exhibit 1.
After hearing the testimony the court concludes the marriage has broken down irretrievably and that the defendant is solely responsible for the breakdown. His frequent and excessive use of alcohol caused the behavior in 1994 that resulted in a separation that has existed now for more than three years. There is no reasonable likelihood of reconciliation. The marriage should be dissolved.
Since the defendant is responsible for the breakdown (although his conduct prior to 1994 has not been questioned), the court, being mindful of the provisions of Chapter 815j of the Connecticut General Statutes, especially §§ 46b-81, 46b-82,46b-84 and 46b-87, and relevant case law, finds the following orders to be fair and equitable:
1. The marriage of the parties is dissolved;
2. Sole custody of the children is granted to the plaintiff. Reasonable rights of visitation are granted to the defendant on CT Page 1800 condition that the defendant does not consume alcohol prior to the visits and the children wish to visit with him;
3. Neither party is awarded alimony;
4. By way of property settlement the court pursuant to §46b-81 C.G.S. assigns the defendant's interest in the real property known as 83 Chapman Street, Putnam, to the plaintiff. The plaintiff shall pay to the defendant the sum of $5000 for his interest therein when she sells the premises or when her youngest child reaches 18, whichever occurs first. At her option she may pay this sum to the defendant as part of a refinancing plan prior to the events referred to above although she is not obligated to do so;
5. The defendant is ordered to pay the sum of $1,140 in current child support arrearages reduced by the sum of $152 covering the period of August 7, 1997 to September 8, 1997 when, by court order later vacated at the defendant's request, no support orders were in effect. In addition, he is to pay the sum of $38 weekly from this date for the support of his minor children. Payment of these sums shall be suspended until the defendant finds employment, after which he shall pay $38 weekly as current support and $10 weekly on the arrearage pending further orders of the court. Once he is employed, (and he shall notify the plaintiff within 14 days of his , employment), he shall maintain health insurance for the benefit of his children as available to him at his place of employment. All unreimbursed/uninsured medical and dental expenses shall be shared equally by the parties;
6. Any household furnishings presently in the family residence shall be the property of the plaintiff;
7. With the exception of specific orders to the contrary herein, each party shall be entitled to the assets and shall be responsible for the payment of the liabilities shown on his and her financial affidavits and shall hold the other harmless from any liabilities set forth therein or any liabilities in connection with the assets;
8. The court shall retain jurisdiction to enter such orders as may be necessary to effectuate the provisions of the judgment;
9. The plaintiff shall prepare the judgment file. CT Page 1801
Potter, J.